# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARNESTINE THOMAS, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>   Defendant. ) | Case No. CIV-10-385-FHS-SPS |

## REPORT AND RECOMMENDATION

The claimant Earnestine Thomas requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step One requires the claimant to establish that she is not engaged in substantial gainful activity. Step Two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born September 19, 1957, and was forty-two years old at the time of the administrative hearing. (Tr. 62). She completed the tenth grade, and has worked as a sandwich maker, cook, home attendant, cashier checker, stock clerk, and production weigher. (Tr. 124, 706-707). The claimant alleges she has been unable to work since September 10, 2004, due to degenerative disc disease and mental impairments. (Tr. 62, 604).

## Procedural History

On June 29, 2005, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. (Tr. 62-64, 604-606). Her applications were denied. ALJ Deborah Rose conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated March 25, 2008. (Tr. 14-21). The Appeals Council denied review; thus, the ALJ's written opinion constitutes the final decision of the Commissioner for purposes of appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the residual functional capacity (RFC) to perform light work, limited to only occasionally stooping and occasionally having contact with the general

public. (Tr. 18). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work in the regional and national economies that she could perform, *e. g.*, housekeeper/cleaner or bakery racker. (Tr. 20).

**Review**

The claimant contends that the ALJ erred by improperly assessing her mental impairments. Specifically, she argues (i) that the ALJ failed to include a concentration limitation in her RFC assessment; (ii) that the ALJ gave great weight to an "other source" opinion, but adopted only some of the limitations listed in that opinion; (iii) and that the ALJ ignored probative evidence related to the nature and severity of her mental impairment. The undersigned Magistrate Judge finds that the ALJ *did* improperly assess the claimant's RFC, and the decision of the Commissioner should therefore be reversed.

The ALJ found that the claimant had the severe impairments of degenerative disc disease and degenerative joint disease of the lumbar spine; MDD; psychotic disease, NOS; post-traumatic stress disorder; and personality disorder. (Tr. 16). At step four, the ALJ summarized the claimant's hearing testimony and found her not credible, but mentioned few, if any, of her extensive medical records. As to her physical impairments, the ALJ noted that the claimant had rejected surgery or steroid injections in spite of her pain, and that she had made an unsuccessful work attempt. As to her mental impairments, the ALJ said that she gave great weight to the "DDS's mental evaluation," and noted that the claimant had experienced some suicidal ideations, but made no attempts. Additionally, the ALJ noted that the claimant denied that her mental health

problems interfered with her ability to work, and that she had never been fired due to mental difficulties. (Tr. 18-19). Although the record contained, *inter alia*, the claimant's treatment records from Carl Albert Community Mental Health Center (Tr. 173-196, 266-271); numerous MRIs, lumbar discograms, and a nerve conduction study (Tr. 221, 274, 284, 348, 398); or a physical therapy report (Tr. 358-370), the ALJ mentioned none of these.

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) [internal citation omitted], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). Additionally, "the notice of determination or decision must contain an explanation of the weight given to the treating source's medical opinion[s]." Soc. Sec. R. 96-2p, 1996 WL 374188 at *5 (July 2, 1996). "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-1010 (10th Cir.1996), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984). Here, the ALJ's decision falls below that standard because she failed to even acknowledge the majority of the evidence. *Conkle v. Astrue*, 297 Fed. Appx. 803, 806 (10th Cir. 2008) ("The ALJ's cursory decision, which fails to even mention the majority of the medical evidence in the record, certainly does not 'demonstrate that [she] considered all of the evidence.'") [unpublished opinion], *quoting Clifton v. Chater*, 79 F.3d at 1009.

Because the ALJ failed to conduct a proper step four analysis of the claimant's RFC, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further proceedings. On remand, the ALJ should consider all the evidence, make findings as to the claimant's past relevant work, re-determine whether she can perform that work (or any other work) based on her RFC, and ultimately re-determine whether she is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 6th day of March, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma